# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into this ____ day of July, 2016, by and between Isidro Marquez ("Marquez") on the one hand and Crana Services, LLC ("Crana"), inclusive of its owners, officers, directors, shareholders, successors and assigns, affiliated companies and any of its present or future subsidiaries or organizations controlled by it, controlling it, or under common control with it and Simon G. Bradley ("Bradley") (collectively "Defendants") on the other.

### R E C I T A L S

WHEREAS, Marquez is an individual residing in the State of Illinois;

WHEREAS, Crana is in the business of providing cement services with its principal place of business located in the City of Burr Ridge, County of DuPage, State of Illinois;

WHEREAS, Bradley is an individual and sole manager of Crana who resides in the County of Cook, State of Illinois;

WHEREAS, Marquez was employed by Crana from approximately 2011 to February 2017;

WHEREAS, Marquez has alleged that Defendants failed to compensate him for overtime in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), and has brought suit in federal court based upon such allegations in *Isidro Marquez on behalf of himself and all other similarly situated persons known and unknown, Plaintiffs, vs. Crana Services, LLC and Simon G. Bradley, Defendants,* Case No. 17-cv-2248, in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit");

WHEREAS, Defendants deny Marquez's allegations;

WHEREAS, the parties recognize and agree that there is a bona fide dispute between them about the amounts owed to Marquez (if any) by Defendants, under the FLSA and/or IMWL;

WHEREAS, Defendants and Marquez desire to settle and resolve all of their differences, including,

but not limited to the above-described dispute, without any further proceedings, investigation, or litigation on the following terms and conditions;

NOW, THEREFORE, in consideration of the mutual promises and covenants exchanged herein and for other good and valuable consideration, the parties hereto hereby agree as follows:

## AGREEMENT

1. This Agreement does not constitute an admission by Defendants that any action or inaction with respect to Marquez was wrongful, unlawful, or in violation of any contract, statute, or other law. The parties recognize and agree that there is a bona fide dispute between them about the hours worked, wages earned, and amounts owed to Marquez (if any) by Defendants, under the FLSA and/or IMWL. Nor does this Agreement waive or concede any defenses, affirmative defenses, or jurisdictional objections by Defendants. Instead, this Agreement is entered into solely for the purpose of compromise and in order to fully resolve all matters pertaining to this dispute and all other matters which have arisen, or may arise, out of the plaintiff's employment with either of Defendants.

2. Provided Marquez has tendered an executed copy of this Agreement to Defendants' counsel Margherita M. Albarello, Di Monte & Lizak, LLC, prior to the following dates, the following checks will be tendered to CONSUMER LAW GROUP, Marquez's counsel in the following installments:

   (a) Defendants will cause to be delivered to Marquez's counsel, Consumer Law Group, LLC, located at 6232 N. Pulaski Road, Suite 200, Chicago, IL 60646, the total amount of Thirteen Thousand and Seven Hundred Dollars and xx/100 ($13,700.00) ("Settlement Amount") as consideration for all of the promises made by the Parties in this Agreement. This amount shall be paid, allocated and reported as follows:

   (b) One check shall be made payable to Consumer Law Group, LLC, in the amount of **$5,804.00**, received on or before August 15, 2017 and shall be without any withholding, and shall be allocated to attorneys' fees and expenses. This payment will be reported as income on an IRS form 1099 MISC (Box 14, gross proceeds paid to an attorney) issued to the Consumer Law Group, LLC. (FEIN No. 45-1558327).

   (c) One check shall be made payable to Isidro Marquez in the gross amount of **$7,896.00**, received on or before August 15, 2017, and shall be without any withholding, and shall be allocated to liquidated damages. This payment will be reported on an IRS form 1099 MISC

(Box 3, non-wage payment) issued to Isidro Marquez.

3. Marquez agrees that the payments set forth in Paragraph 2 fully pays him any/all wages, compensation, and overtime allegedly due and owed to him under the FLSA and IMWL.

4. In consideration for the payment by Defendants of the amount set forth in Paragraph 2, Marquez hereby covenants not to sue and releases and forever discharges Defendants, their agents, representatives, attorneys, insurers and employees from any and all causes of action or claims of any type that Marquez might have, including but not limited to causes of action or liabilities arising under: any anti-discrimination laws; the Illinois Minimum Wage Law (820 ILCS § 105/1 *et seq.*); the Fair Labor Standards Act, as amended (29 U.S.C. § 201 *et. seq.*); the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.*); and any other federal law, state law, municipal law, common law, or local statute, law, ordinance or regulation pertaining to the payment of wages, employment-related compensation, minimum wage, or overtime.

5. Marquez represents and warrants that he has no outstanding court, agency, or administrative claims or charges against any person or entity released under this Agreement. The parties intend to release only all claims that can legally be released in a private agreement, and this release excludes claims that cannot be waived as a matter of law such as for state unemployment benefits and worker's compensation. Execution of this Agreement by Marquez operates as a complete bar and defense against any and all past, current or future claims for damages that may be made by Marquez against any person or entity released herein arising on or before the date of Marquez's signature to this Agreement, including, but not limited to, claims for damages arising out of or in any way related to Marquez's employment with Crana and/or with Bradley. Provided, however, nothing herein will limit or impede Marquez's right to participate in any investigation or proceeding by any local, state or federal agency. Marquez agrees, however, that if he, or anyone acting on his behalf, brings any claim, charge, action or liability concerning or relating to any claim, charge, action or liability released in this Agreement, Marquez waives any right to, and will not accept, any

payments, monies, damages, or other relief, awarded in connection therewith.

6. Marquez agrees that this Agreement, the terms of this Agreement, any and all matters concerning this Agreement and the allegations referenced above will be regarded as confidential information and communications between the parties hereto and, other than to enforce the terms of this Agreement, will not be disclosed by him to anyone other than his immediate family, his attorneys, and his tax advisors. Marquez will advise anyone who has properly been disclosed information deemed confidential hereunder of the requirements of this Paragraph 6. The parties agree that, should a lawsuit be filed alleging a breach of the confidentiality provisions of this Agreement, the non-prevailing party in such a lawsuit shall be liable for the reasonable attorneys' fees of the prevailing party.

7. This Agreement will be binding upon and inure to the benefit of the parties, their respective representatives, predecessors, successors, heirs, assigns, officers and directors.

8. The parties agree that in the event any provision of this Agreement is deemed to be invalid or unenforceable by any court or administrative agency of competent jurisdiction, this Agreement will be deemed to be restricted in scope or otherwise modified to the extent necessary to render the same valid and enforceable, or, in the event that any provision of this Agreement cannot be modified or restricted so as to be valid and enforceable, then the same will be deemed excised from the Agreement if circumstances so require, and the Agreement will be construed and enforced as if such provision had originally been incorporated therein as so restricted or modified, or as if such provision had not originally been contained therein, as the case may be.

9. The parties agree that the terms of this Agreement may be enforced in any court of competent jurisdiction with proper venue as with any other contract entered into in the State of Illinois. In any action to enforce the terms of this Agreement, the prevailing party will be entitled to an award of reasonable attorneys' fees. The parties consent to the personal jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Circuit Court of Cook County, Illinois in the event

either party brings an action to enforce this Agreement.

10. Marquez and Defendants agree that this Agreement will constitute a complete defense to any claim, suit, or action whatsoever commenced by Marquez or his heirs, executors, or administrators against Defendants which arises from the claims specifically waived and released by the plaintiff under Paragraph 4 of this Agreement, Marquez's employment by or treatment by Defendants, or any action or inaction by Defendants.

11. The parties agree that this instrument constitutes and contains the entire agreement and understanding between the parties concerning the subject matter of this settlement, and supersedes all prior negotiations, proposed agreements, and understandings, if any, between the parties concerning this settlement.

12. All parties hereby waive any common law and/or statutory right to recover any attorneys' fees and costs in connection with the creation of this Agreement or the underlying settlement. All parties acknowledge and agree that they will each be responsible for their own attorney's fees and costs incurred in the bringing or defending the Lawsuit.

13. The undersigned parties agree that they have read this document, fully understand and accept that this is a settlement agreement and general release, intend to be legally bound by the document, and that no inducement, duress, or coercion caused them to enter into this understanding. Furthermore, the parties recognize and affirm that Marquez had the benefit of legal counsel in this case and with respect to this Agreement, Marquez knows about his FLSA and IMWL rights, and that this Agreement is not outside the context of a lawsuit because the plaintiff filed a complaint giving rise to the Lawsuit.

THIS AGREEMENT may be executed in counterparts which counterparts together will have the same force and effect as a single original executed by each of the parties hereto and signatures transmitted by facsimile or e-mail will have the same force and effect as original signatures.

**Crana Services, LLC**

By: _[signature]_____

Its: _president_____

Date: _3/22/2017_____

**Simon G. Bradley**

_[signature]_____
Signed:

Date: _3/22/2017_____

**Isidro Marquez**

_____
Signed:

_____
Date:

L:\C\CRANA2 (Isidro Marquez)\CRANA2-2\Settlement and release 7 12 17.wpd

Crana Services, LLC

By: [signature]

Its: president

Date: 3/22/2017

Simon G. Bradley

[signature]

Signed:

Date: 3/22/2017

Isidro Marquez

Isidro Marquez

Signed:

Date: 6-29-17

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into this ____ day of July, 2016, by and between Isidro Marquez ("Marquez") on the one hand and Crana Services, LLC ("Crana"), inclusive of its owners, officers, directors, shareholders, successors and assigns, affiliated companies and any of its present or future subsidiaries or organizations controlled by it, controlling it, or under common control with it and Simon G. Bradley ("Bradley") (collectively "Defendants") on the other.

### RECITALS

WHEREAS, Marquez is an individual residing in the State of Illinois;

WHEREAS, Crana is in the business of providing cement services with its principal place of business located in the City of Burr Ridge, County of DuPage, State of Illinois;

WHEREAS, Bradley is an individual and sole manager of Crana who resides in the County of Cook, State of Illinois;

WHEREAS, Marquez was employed by Crana from approximately 2011 to February 2017;

WHEREAS, Marquez has alleged that Defendants failed to compensate him for overtime in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), and has brought suit in federal court based upon such allegations in *Isidro Marquez on behalf of himself and all other similarly situated persons known and unknown, Plaintiffs, vs. Crana Services, LLC and Simon G. Bradley, Defendants*, Case No. 17-cv-2248, in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit");

WHEREAS, Defendants deny Marquez's allegations;

WHEREAS, the parties recognize and agree that there is a bona fide dispute between them about the amounts owed to Marquez (if any) by Defendants, under the FLSA and/or IMWL;

WHEREAS, Defendants and Marquez desire to settle and resolve all of their differences, including,

but not limited to the above-described dispute, without any further proceedings, investigation, or litigation on the following terms and conditions;

NOW, THEREFORE, in consideration of the mutual promises and covenants exchanged herein and for other good and valuable consideration, the parties hereto hereby agree as follows:

## AGREEMENT

1. This Agreement does not constitute an admission by Defendants that any action or inaction with respect to Marquez was wrongful, unlawful, or in violation of any contract, statute, or other law. The parties recognize and agree that there is a bona fide dispute between them about the hours worked, wages earned, and amounts owed to Marquez (if any) by Defendants, under the FLSA and/or IMWL. Nor does this Agreement waive or concede any defenses, affirmative defenses, or jurisdictional objections by Defendants. Instead, this Agreement is entered into solely for the purpose of compromise and in order to fully resolve all matters pertaining to this dispute and all other matters which have arisen, or may arise, out of the plaintiff's employment with either of Defendants.

2. Provided Marquez has tendered an executed copy of this Agreement to Defendants' counsel Margherita M. Albarello, Di Monte & Lizak, LLC, prior to the following dates, the following checks will be tendered to CONSUMER LAW GROUP, Marquez's counsel in the following installments:

   (a) Defendants will cause to be delivered to Marquez's counsel, Consumer Law Group, LLC, located at 6232 N. Pulaski Road, Suite 200, Chicago, IL 60646, the total amount of Thirteen Thousand and Seven Hundred Dollars and xx/100 ($13,700.00) ("Settlement Amount") as consideration for all of the promises made by the Parties in this Agreement. This amount shall be paid, allocated and reported as follows:

   (b) One check shall be made payable to Consumer Law Group, LLC, in the amount of **$5,804.00**, received on or before August 15, 2017 and shall be without any withholding, and shall be allocated to attorneys' fees and expenses. This payment will be reported as income on an IRS form 1099 MISC (Box 14, gross proceeds paid to an attorney) issued to the Consumer Law Group, LLC. (FEIN No. 45-1558327).

   (c) One check shall be made payable to Isidro Marquez in the gross amount of **$7,896.00**, received on or before August 15, 2017, and shall be without any withholding, and shall be allocated to liquidated damages. This payment will be reported on an IRS form 1099 MISC

(Box 3, non-wage payment) issued to Isidro Marquez.

3. Marquez agrees that the payments set forth in Paragraph 2 fully pays him any/all wages, compensation, and overtime allegedly due and owed to him under the FLSA and IMWL.

4. In consideration for the payment by Defendants of the amount set forth in Paragraph 2, Marquez hereby covenants not to sue and releases and forever discharges Defendants, their agents, representatives, attorneys, insurers and employees from any and all causes of action or claims of any type that Marquez might have, including but not limited to causes of action or liabilities arising under: any anti-discrimination laws; the Illinois Minimum Wage Law (820 ILCS § 105/1 *et seq.*); the Fair Labor Standards Act, as amended (29 U.S.C. § 201 *et. seq.*); the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.*); and any other federal law, state law, municipal law, common law, or local statute, law, ordinance or regulation pertaining to the payment of wages, employment-related compensation, minimum wage, or overtime.

5. Marquez represents and warrants that he has no outstanding court, agency, or administrative claims or charges against any person or entity released under this Agreement. The parties intend to release only all claims that can legally be released in a private agreement, and this release excludes claims that cannot be waived as a matter of law such as for state unemployment benefits and worker's compensation. Execution of this Agreement by Marquez operates as a complete bar and defense against any and all past, current or future claims for damages that may be made by Marquez against any person or entity released herein arising on or before the date of Marquez's signature to this Agreement, including, but not limited to, claims for damages arising out of or in any way related to Marquez's employment with Crana and/or with Bradley. Provided, however, nothing herein will limit or impede Marquez's right to participate in any investigation or proceeding by any local, state or federal agency. Marquez agrees, however, that if he, or anyone acting on his behalf, brings any claim, charge, action or liability concerning or relating to any claim, charge, action or liability released in this Agreement, Marquez waives any right to, and will not accept, any

payments, monies, damages, or other relief, awarded in connection therewith.

6. Marquez agrees that this Agreement, the terms of this Agreement, any and all matters concerning this Agreement and the allegations referenced above will be regarded as confidential information and communications between the parties hereto and, other than to enforce the terms of this Agreement, will not be disclosed by him to anyone other than his immediate family, his attorneys, and his tax advisors. Marquez will advise anyone who has properly been disclosed information deemed confidential hereunder of the requirements of this Paragraph 6. The parties agree that, should a lawsuit be filed alleging a breach of the confidentiality provisions of this Agreement, the non-prevailing party in such a lawsuit shall be liable for the reasonable attorneys' fees of the prevailing party.

7. This Agreement will be binding upon and inure to the benefit of the parties, their respective representatives, predecessors, successors, heirs, assigns, officers and directors.

8. The parties agree that in the event any provision of this Agreement is deemed to be invalid or unenforceable by any court or administrative agency of competent jurisdiction, this Agreement will be deemed to be restricted in scope or otherwise modified to the extent necessary to render the same valid and enforceable, or, in the event that any provision of this Agreement cannot be modified or restricted so as to be valid and enforceable, then the same will be deemed excised from the Agreement if circumstances so require, and the Agreement will be construed and enforced as if such provision had originally been incorporated therein as so restricted or modified, or as if such provision had not originally been contained therein, as the case may be.

9. The parties agree that the terms of this Agreement may be enforced in any court of competent jurisdiction with proper venue as with any other contract entered into in the State of Illinois. In any action to enforce the terms of this Agreement, the prevailing party will be entitled to an award of reasonable attorneys' fees. The parties consent to the personal jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Circuit Court of Cook County, Illinois in the event

either party brings an action to enforce this Agreement.

10. Marquez and Defendants agree that this Agreement will constitute a complete defense to any claim, suit, or action whatsoever commenced by Marquez or his heirs, executors, or administrators against Defendants which arises from the claims specifically waived and released by the plaintiff under Paragraph 4 of this Agreement, Marquez's employment by or treatment by Defendants, or any action or inaction by Defendants.

11. The parties agree that this instrument constitutes and contains the entire agreement and understanding between the parties concerning the subject matter of this settlement, and supersedes all prior negotiations, proposed agreements, and understandings, if any, between the parties concerning this settlement.

12. All parties hereby waive any common law and/or statutory right to recover any attorneys' fees and costs in connection with the creation of this Agreement or the underlying settlement. All parties acknowledge and agree that they will each be responsible for their own attorney's fees and costs incurred in the bringing or defending the Lawsuit.

13. The undersigned parties agree that they have read this document, fully understand and accept that this is a settlement agreement and general release, intend to be legally bound by the document, and that no inducement, duress, or coercion caused them to enter into this understanding. Furthermore, the parties recognize and affirm that Marquez had the benefit of legal counsel in this case and with respect to this Agreement, Marquez knows about his FLSA and IMWL rights, and that this Agreement is not outside the context of a lawsuit because the plaintiff filed a complaint giving rise to the Lawsuit.

THIS AGREEMENT may be executed in counterparts which counterparts together will have the same force and effect as a single original executed by each of the parties hereto and signatures transmitted by facsimile or e-mail will have the same force and effect as original signatures.

# EXHIBIT B



